IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02587–PAB–KMT

PETER BRADLEY,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, d/b/a DENVER HEALTH MEDICAL CENTER,

    Defendant.

---

**AMENDED ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the court on the parties' cross-motions to strike. Defendant filed its "Motion to Strike Plaintiff's Claim for Compensatory Damages, or in the Alternative to Reopen Discovery with Respect to That Claim" on December 8, 2009. (Doc. No. 61 [hereinafter "Def.'s Mot."].) Plaintiff filed his Response to Defendant's Motion on December 17, 2009. (Doc. No. 64 [hereinafter "Pl's Resp."].) Defendant filed its Reply on January 4, 2010. (Doc. No. 69 [hereinafter "Def.'s Reply"].)

Plaintiff filed his "Motion to Strike Undisclosed Witnesses and Exhibit" on December 17, 2009. (Doc. No. 86 [hereinafter "Pl.'s Mot."].) Defendant filed its Response on January 11, 2010. (Doc. No. 70 [hereinafter "Def.'s Resp."].) On January 4, 2010, Plaintiff filed his Reply.

(Doc. No. 73 [hereinafter "Pl.'s Reply"].)  These motions are ripe for ruling and recommendation.

## I. BACKGROUND

### A. *Defendant's Motion To Strike Claim for Compensatory Damages*

In its Motion, Defendant asserts that Plaintiff's claim for compensatory damages should be stricken because Plaintiff repeatedly failed to disclose any such claim, much less calculations thereof, until well after discovery had concluded. (Def.'s Mot. at 1, 4.) More specifically, Defendant points out that Plaintiff failed to disclose a claim for compensatory damages in his Fed. R. Civ. P. 26(a)(1) initial disclosure, nor was such a claim submitted for inclusion in the Scheduling Order (Doc. No. 15, entered Feb. 24, 2009). (*Id.* at 2–3.) Additionally, although this court directed Plaintiff to remedy certain deficiencies in his computation of damages included in the Scheduling Order (*see* Doc. No. 14), Plaintiff again failed to include any claim for compensatory damages, much less a computation thereof, in his "Supplement to the Scheduling Order" (Doc. No. 16, filed Mar. 3, 2009). (*Id.* at 2.) Defendant further argues that although Plaintiff served nine more supplemental disclosures, an expert disclosure and an expert report, none of the disclosures identified a claim for compensatory damages, and the expert report only addressed economic damages. (*Id.* at 3–4.) Instead, Plaintiff's claim for compensatory damages was not ultimately disclosed until he served his Eleventh Supplemental Rule 26(a)(1) Disclosure Statement, on November 24, 2009, almost exactly three months after the discovery deadline had passed. (*Id.* at 4; Ex. B.)

### B. *Plaintiff's Motion to Strike Undisclosed Witnesses and Exhibit*

In his Motion, Plaintiff maintains that this court should strike two of Defendant's witness included in its witness list and a trial exhibit for failing to properly disclose them prior to the

discovery cutoff. (Pl.'s Mot at 1.) The backdrop for Plaintiff's position is slightly more complicated. Toward the end of the discovery period, Plaintiff sought to depose a representative of Defendant pursuant to Fed. R. Civ. P. 30(b)(6). (Def.'s Resp at 2; Ex. A.) In response, Defendant designated Ms. Linda Lenander to testify on its behalf, and the deposition went forward on August 12, 2009. (*Id.* at 2.) A little over a week after Ms. Lenander's deposition was taken, Plaintiff's counsel informed Defendant's counsel that Ms. Lenander's was unable to testify as to all of the topics outlined in the Rule 30(b)(6) notice. (*Id.* at 2; Ex. C at 5.) After some negotiation, Defendant's designated Mr. Greg Rossman as its representative for those remaining topics. (*Id* at 2.) Although the discovery deadline had recently passed, the parties ostensibly waived the discovery deadline in order to take Mr. Rossman's deposition on September 2, 2009. (*See id.* Ex. C at 6.) In order to prepare Mr. Rossman for his deposition and identify additional relevant documents, Defendant conducted meetings involving Ms. Kim Istwan and Mr. Greg Thress. (*Id.* at 3.) Thereafter, at his deposition on September 2, 2009, Mr. Rossman testified as to Ms. Kim Istwan's involvement in Defendant's recruiting process, and Mr. Greg Thress's involvement in processing the Defendant's job descriptions. (*Id.* at 3; Ex. G.) Mr. Rossman, also testified as to Defendant's recent job description audit, which purportedly resulted in changes to the description of the position for which Plaintiff applied as a part of the underlying controversy of this litigation. (*Id.* at 4; Ex. G.)

Based on Mr. Rossman's testimony in his deposition, Defendant included Ms. Istwan and Mr. Thress in its witness list, as attached to the Pretrial Order entered by this court on November 22, 2009 (Doc. No. 59). (*Id.* at 4.) Additionally, Defendant included the updated job description

described above as Defendant's Exhibit A-86 on its trial exhibit list submitted pursuant the Pretrial Order. *Id.*

## II. LEGAL STANDARD

Rule 26(a)(1) of the Federal Rules of Civil Procedure provides for self-executing disclosures, three categories of which are pertinent to the issues raised by the parties' respective motions. First, Rule 26(a)(1)(A)(i) requires a party upon its own initiative to disclose "the name . . . of each individual likely to have discoverable information . . . *that the disclosing person may use to support its claims or defenses*." (Emphasis added). Second, Rule 26(a)(1)(A)(ii) requires a party, again upon its own initiative, to provide "a copy—or description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." And third, Rule 26(a)(1)(iii) similarly requires a party to disclose a "computation of each category of damages claimed by the disclosing party" as well as "documents or other evidence . . . on which each computation is based."

Rule 26(e)(1)(A) requires that the parties supplement or correct disclosures made under Rule 26(a) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. Finally, Rule 26(a)(1)(E) provides that parties are not excused from making its disclosures because it has not fully investigated the case.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party who, without substantial justification, fails to make the required disclosures shall not, unless such failure is harmless, be permitted to use as evidence at trial any witness or information not so disclosed. In

applying Rule 37(c)(1), the court must first determine whether substantial justification for failing to make the required disclosures exists.

"Substantial justification" is satisfied where there exists a genuine dispute concerning compliance. *See Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). In this context:

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.

*Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (internal citation omitted).

Next, the court must decide whether the failure to disclose is harmless. *See* Fed. R. Civ. P. 37(c)(1). Failure to comply is harmless where there is no prejudice to the party entitled to the disclosure. *Id.* "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures." *Id.*

A court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing *U.S. v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the court should consider (1) whether the other party will be surprised or prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness. *Id.*

While Rule 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or

evidence not properly disclosed. *Woodworker's Supply,* 170 F.3d at 993 (recognizing that Rule 37(c) vests broad discretion with the trial court).

## III. ANALYSIS

### A. *Defendant's Motion to Strike Claim for Compensatory Damages*

Defendant asks this court to strike Plaintiff's claim for compensatory damages as included in the Final Pretrial Order, or bar Plaintiff from introducing any evidence in support thereof, because of Plaintiff's repeated failure to disclose this claim, or a calculation thereof, until well after the discovery deadline had passed. (Def.'s Mot. at 4.) Defendant alternatively argues that only in the event that this court should deny its Motion, discovery should be reopened to allow Defendant to conduct discovery pursuant to that claim. (*Id.* at 1.)

Plaintiff does not contest that the disclosure of a claim for compensatory damages was untimely. (Pl.'s Resp. at 1.) Instead, he argues that the claim should not be dismissed because his failure to disclose was substantially justified or harmless as his complaint featured a claim for compensatory damages and because any prejudice can be cured by reopening discovery. (*Id.* at 3–4.)

The court finds that Plaintiff failed to fulfill its discovery obligations, pursuant to Rule 26(a)(1), by failing to disclose a computation of its compensatory damages claim, or any documents or evidence in such support thereof. Indeed, the court notes that although Plaintiff did finally disclose his claim for compensatory damages in his *untimely* Eleventh Supplemental Rule 26(a)(1) Disclosures, he still did not disclose any computation of that claim, or evidence in support thereof, beyond a cursory statement of "in an amount to be determine by the jury, at

trial." (Def.'s Mot. Ex. B.) Accordingly, because the court finds that Plaintiff has technically violated Rule 26(a)(1)(iii) the court turns to whether that failure to disclose is substantially justified or harmless.

Plaintiff does not contend that his failure to disclose a computation of his compensatory damages claim was substantially justified. (Pl.'s Resp. at 1.) Indeed, because his failure to disclose a computation of his claim for compensatory damages amounted to a facial violation of Rule 26(a)(1)(A)(iii), no colorable argument could be made that a "reasonable person could differ as to whether the party was required to comply with the disclosure obligation." *Nguyen*, 162 F.R.D. at 680. Instead, Plaintiff contends that his failure to disclose was harmless. (Pl.'s Mot at 2–3.) More specifically, Plaintiff argues that Defendant was not surprised by Plaintiff's failure to disclose because a compensatory damages claim was included in his Complaint, and any prejudice to Defendant can be cured by re-opening discovery on this issue. Plaintiff additionally contend that a lack of any bad faith or willfulness further advises against striking his compensatory damages claim. (*Id* at 2.)

The court finds Plaintiff's position to be unavailing. While Defendant did have initial notice that Plaintiff intended to pursue compensatory damages, Plaintiff's failure to disclose these damages in the Scheduling Order or in discovery suggested to Defendant that Plaintiff was abandoning its pursuit of those damages. *See Beneficial Living Systems, Inc. v. Am. Cas. Co. of PA*, 08–cv–01980-LTB-MJW, 2009 WL 3497780, at *3 (D. Colo. 2009) (suggesting that a defendant may reasonably rely on a failure to disclose a claim of a category of damages as a waiver or abandonment of seeking those damages). Plaintiff's untimely attempt to revive his

8

claim to compensatory damages, in a deficient manner insofar as it is still void of any computation or documentary support, amounts to a significant shift in the litigation posture which Defendant could not have reasonably foreseen. *Id.* Moreover, Defendant is prejudiced insofar as it has not been able to conduct any discovery or designate any witnesses with respect to a claim for compensatory damages.

Plaintiff suggestion that the prejudice and surprise to Defendant can be cured by re-opening discovery is largely rebutted by the fact disruption that would be incurred by permitting further discovery. Reopening discovery for the issue of compensatory damages would not be a slight endeavor. Defendant likely is correct that further discovery on the issue of compensatory damages would not only require that Plaintiff be deposed again, but also that health care providers be disclosed and deposed. Additionally, allowing further discovery as to compensatory damages could require that additional experts would need to be designated, provide expert reports, and be deposed. Finally, as the dispositive motions deadline has already passed, the court would be likely be obliged to permit the parties to submit motions to address whether any genuine issue of material fact has been raised to support a claim for compensatory damages. Additionally, the Final Pretrial Order would likely need to be substantially amended to permit the inclusion of witnesses and exhibits related to Plaintiff's claim for compensatory damages. The cumulative effect of the above present a reasonable likelihood that trial, as currently set for August 30, 2010, would indeed need to be continued.

Although there is some indication that Plaintiff's failure to disclose its compensatory damages claim was not necessarily willful or in bad faith, the court nonetheless finds that

9

Plaintiff's failure to fulfill its discovery obligations was at least pervasive. *See id.* (holding a lack of willfulness or bad faith alone may not be sufficient to overcome the harm found under the other *Woodworker's Supply* factors). More specifically, this court explicitly ordered Plaintiff to disclose a computation of *all* damages claimed after he failed to submit them for inclusion in the Scheduling Order. (*See* Supplement to Scheduling Order, Doc. No. 16, filed Mar. 6, 2009.) And although Plaintiff supplemented his Rule 26(a)(1) disclosures on a number of occasions, he failed to include any claim or computation of compensatory damages each time. (Def.'s Mot. At 3–4.) Finally, when Plaintiff ultimately disclosed his claim for compensatory damages, it was after the discovery deadline and still void of any computation of or evidentiary support for compensatory damages. (*See id.* Ex. A.)

In summary, because of the significant disruption that reopening discovery for purposes of Plaintiff's compensatory damages claim would cast over the litigation, and because Plaintiff repeatedly failed to disclose the claim, along with the continuing void of any computation or evidence in support thereof, the court finds that Plaintiff's failure to disclose his compensatory damages claim was not harmless. Accordingly, because the court finds that Plaintiff failed to comply with his discovery obligations under Rule 26(a), the court recommends that Defendant's Motion be granted.

### B. *Plaintiff's Motion to Strike Undisclosed Witnesses and Exhibit*

In its Motion, Plaintiff seeks to have both Ms. Kim Istwan and Mr. Greg Thress stricken as potential trial witnesses and Exhibit A-86 stricken from Defendant's trial exhibit list because they were not disclosed in a timely fashion. (Pl.'s Mot. 1–2.) More specifically, Plaintiff asserts

that neither witness, nor Exhibit A-86 were disclosed in Defendant's Rule 26(a)(1) disclosures. (*Id.* at 2.) Instead, Plaintiff maintains that both witnesses and the job description were not disclosed until three months after the August 24, 2009 discovery cut-off, when Defendant included them in the parties' Proposed Final Pretrial Order (Doc. No. 55, filed Nov. 24, 2009). (*Id.*) Alternatively, in the event that the court finds that Plaintiff's motion should be denied, Plaintiff seeks to reopen discovery to depose Ms. Istwan and Mr. Thress, with Defendant paying reasonable fees and costs for the deposition, and to amend his witness and exhibit list with any information learned from those depositions. (*Id* at 3–4.)

Defendant asserts that it did not fail to fulfill its discovery obligations because Ms. Istwan and Mr. Thress and Exhibit A-86 were all identified in the course of Mr. Rossman's deposition. (Def.'s Resp. at 4.) More specifically, Defendant argues that, according to Rule 26(e)(1)(A), which provides that parties need not supplement their disclosures with information that has been made known during the discovery process, it was not required to supplement its prior disclosures to add Ms. Istwan, Mr. Thress, or Exhibit A-86. (*Id.*)

### 1. *The Witnesses*

The court finds the Defendant violated its discovery obligations by failing to disclose Ms. Istwan and Mr. Thress as an individuals with discoverable information in a timely manner. Defendant is correct that Rule 26(e) does contemplate that a party may be alleviated of its duty to supplement its Rule 26(a)(1) disclosures if the corrective or additional information is identified during the discovery process. Fed. R. Civ. P. 26(e)(1)(A). Nonetheless, the court finds that Rule 26(e) is irrelevant to the present inquiry. More specifically, the court finds that

even if Ms. Istwan and Mr. Thress were identified during Mr. Rossman's deposition, this identification was nonetheless untimely because Mr. Rossman's deposition was taken *after* the discovery deadline had passed.[1]

Defendant argues that it did not violate its Rule 26(e) obligation to supplement its disclosures because the failure to disclose Ms. Istwan and Mr. Thress was not material. (Def.'s Resp at 4.) This argument is easily dismissed. "Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Sender v. Mann*, 225 F.R.D. 645, 654 (D. Colo. 2004). Here there can be no doubt that the failure to disclose Ms. Istwan and Mr. Thress would likely affect Plaintiff's trial preparation because Defendant now plans to potentially call both Ms. Istwan and Mr. Thress as witnesses at trial. (*See* Attachment 1 to Final Pretrial Order, Doc. No. 59, entered Dec. 1, 2009.) Because the discovery deadline has now passed, Plaintiff cannot depose either Ms. Istwan or Mr. Thress, and thus, his ability to prepare for their testimony at trial is substantially hindered.

---

[1] It appears that the parties concluded that this court permits depositions to be taken after the discovery deadline without leave of court, so long as the parties agree to waive the discovery deadline. However, the Local Rules of this court explicitly state the opposite—stipulations extending deadlines as set by the court are *not* permissible without leave of court. *See* D.C. Colo. LCivR 6.1. The court speculates that if the parties would have simply consulted the local rules, and requested an extension of the discovery deadlines by motion, the dispute underlying Defendant's motion might not have come to light.

Accordingly, the court finds that Defendant violated the requirements of Rule 26(a) by failing to disclose two potential trial witness before the discovery deadline. The court now turns to whether Defendant's failure to disclose was substantially justified or harmless.

### a. *Substantial Justification*

Defendant ostensibly argues that its failure to disclose Ms. Istwan and Mr. Thress prior to Mr. Rossman's deposition was substantially justified because Mr. Rossman's deposition was arranged solely to meet Plaintiff's demand that Defendant designate an additional Rule 30(b)(6) representative. (Def.'s Resp. at 4.) More specifically, Defendant argues its disclosure of Ms. Itswan and Mr. Thress as potential witnesses only came to light because of Plaintiff's allegedly unreasonable demand that Defendant designate an additional representative, Mr. Rossman, to address issues that Defendant's prior Rule 30(b)(6) representative, Ms. Linda Lenander, was supposedly unable to address. (*Id.*)

Rule 30(b)(6) implicitly requires the designated entity representative to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. *Starlight Int'l. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999). This interpretation is necessary in order to make the deposition meaningful. *Id.*

The law is well-settled that entities have an "affirmative duty" to make available as many persons as necessary to give "complete, knowledgeable, and binding answers" on the entity's behalf. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkt. Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)). If the person designated by the corporation does not possess personal knowledge of the matters set out in the

13

deposition notice, the company is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Taylor*, 166 F.R.D. at 361.

Rule 30(b)(6) places the burden upon the deponent to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought . . . and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007) (citing *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981)). The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information. *Id.* (citing Taylor, 166 F.R.D. at 361).

The court finds that Defendant's failure to conduct a reasonable investigation and adequately prepare a Rule 30(b)(6) representative, or representatives, caused its own untimely disclosure of Ms. Istwan at Mr. Rossman's deposition. More specifically, Plaintiff served its original Rule 30(b)(6) deposition notice on Defendant before the discovery deadline on July, 14 2009. (Def.'s Resp. Ex. A.) Defendant then designated, and Plaintiff subsequently deposed, Ms. Lenander as Defendant's Rule 30(b)(6) representative. (*Id.* at 2.) However, Plaintiff subsequently complained that Ms. Lenander was an inadequate representative insofar as she was unable to address some matters outlined in the deposition notice. (*Id.*) Though Defendant disagreed with this contention, it did not seek relief from this court and instead, after additional investigation into the matters outlined by the Rule 30(b)(6) notice, Defendant designated Mr.

14

Rossman as an additional representative. Of course, as outlined above, Mr. Rossman was disposed after the discovery deadline, rendering the identification of Ms. Istwan and Mr. Thress untimely.

Defendant's position that the demand for Mr. Rossman's deposition was unreasonable and that therefore the disclosure of Ms. Istwan at his deposition was substantially justified is seriously undercut by Defendant's subsequent inclusion of Mr. Rossman as a "will call" witness in its witness list submitted pursuant to the Final Pretrial Order. (Doc. No. 59, filed Dec. 1, 2009.) Instead, Defendant's listing Mr. Rossman as a critical trial witness strongly suggests that had Defendant reasonably investigated the matters raised by Plaintiff's deposition notice and adequately prepared a representative, or more likely *representatives,* on the entity's behalf, it would have designated both Ms. Lelander and Mr. Rossman as its representative. Consequently, if Defendant had conducted an adequate investigation into the matters raised by Plaintiff's deposition notice, Mr. Rossman's deposition, which would have occurred *before* the discovery cutoff, would have identified Ms. Istwan and Mr. Thress in a timely manner. Accordingly, the court finds because Defendant failed to adequately prepare a representative on its behalf, the Defendant's untimely disclosure of Ms. Istwan and Mr. Thress was not substantially justified.

### b. *Harmless*

The court next reviews the *Woodworker's Supply* factors to determine whether Defendant's failure to timely disclose Ms. Istwan and Mr. Thress was nonetheless harmless.

The first factor is prejudice or surprise to Plaintiff. There can be no doubt that Plaintiff is prejudiced by Defendant's inclusion of Ms. Istwan and Mr. Thress as part of its witness list.

15

First, Plaintiff is surely correct that it had no expectation that witnesses that were not disclosed at any point during the discovery process would be witnesses for Defendant. But moreover, Plaintiff is prejudiced insofar as it has not had the opportunity to depose either Ms. Istwan or Mr. Thress and to challenge their potential testimony. *See Alexander v. Archuleta,* No. 08–cv–00912–CMA–KLM, 2010 WL 363390, at *3 (D. Colo. Jan. 27, 2010).

As to the third factor, whether the failure to disclose was willful or in bad faith, the court does not find that Defendant was willful or acted in bad faith by failing to disclose Ms. Istwan and Mr. Thress. However, the court does note that Defendant's outright rejection of reopening discovery to depose Ms. Istwan and Mr. Thress as a means to mitigate the potential prejudice to Plaintiff is contrary to the spirit of Rule 26 and at least suggests a possibility that Defendant hoped it would be able to "backdoor" un-deposed witnesses into trial. *See* Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a) ("Litigants should not indulge in gamesmanship with respect to the disclosure obligations").

Ultimately the court finds the second factor, the ability of Defendant to cure the prejudice, and the third factor, the extent to which the testimony would disrupt the trial, to be the critical factors here. A Rule 26 violation may be harmless if the prejudice can be cured by reopening discovery. *Alexander,* 2010 WL 363390, at *3 (refusing to reopen discovery where trial was less than a month away)*; Rocky Mtn. Chocolate Factory, Inc. v. SDMS, Inc.,* No. 06-cv-01212-WYD-BNB, 2007 WL 4268962, at *2 (D. Colo. Nov. 30, 2007) (reopening discovery because trial had not yet been set). While, unlike *Rocky Mountain Chocolate Factory,* trial is set in this case, it is still four months away. And unlike reopening discovery for Plaintiff to assert its

compensatory damages claim, which will plausibly require extended discovery and even continuing the trial date, here the depositions of Ms. Istwan and Mr. Thress, both of whom appear to be relatively minor witnesses, would require little time.  Finally, Plaintiff's willingness to entertain re-opening discovery as an alternative to striking the witnesses is further suggestive that the prejudice to him may be readily cured.

Accordingly, because the court finds that the prejudice arising from Defendant's failure to disclose Ms. Istwan and Mr. Thress pursuant to Rule 26(a) can be cured by reopening discovery,  the court finds the balance of the *Woodworker's Supply* factors suggest that Defendant's failure to disclose its witnesses was harmless.  Defendant, however, must pay Plaintiff's reasonable fees and costs associated with such discovery.  *Rocky Mtn. Chocolate Factory,* 2007 WL 4268962, at *2 (D. Colo. Nov. 30, 2007) (requiring the offending party to pay reasonable fees and costs where discovery was reopened to cure the prejudice to the opposing party) ; *see also Woodworker's Supply,* 170 F.3d at 993 (focusing on the ability of the *offending party* to cure the prejudice to the other party).

### 2. *Exhibit A-86*

Plaintiff asserts that the job description, listed as Exhibit A-86 in Defendant's trial exhibit list, should be excluded because Defendant disclosed the document three months after the discovery deadline had passed.  (Pl.'s Mot. at 4.)  Defendant claims that the job description is a recently revised version of documents previously disclosed to Plaintiff.  (Def.'s Resp. at 4.)  More specifically, Defendant claims that Exhibit A-86 was only finalized and published in its current version pursuant to a internal audit of its job descriptions, which was only completed in

17

November 2009.  (*Id.*)  Plaintiff does not allege that the document existed at any point prior to November 2009.

Although federal district courts have the power to proscribe time limits for conducting discovery, a discovery cutoff date does not affect the admissibility of evidence obtained or created outside of the discovery process.  *Whittaker Corp v. Execuair Corp.,* 736 F.2d 1341, 1347 (9th Cir. 1991).  Rather the purpose of a discovery cutoff is to structure the litigation to alleviate a burden of continually producing evidence and to assure adequate time to prepare for trial.  *Id.*

As Plaintiff does not contest the relatively recent origins of Exhibit A-86, the court finds that Defendant complied with its discovery obligations under Rule 26(e)(1) by disclosing the job description by supplementing its disclosures upon learning of the updated job description. Moreover, because Mr. Thress was largely involved in the audit process resulting in the updated job description, any surprise to Plaintiff due to the disclosure of Exhibit A-86 after discovery had closed should largely be mitigated by reopening discovery so that Plaintiff's can take Mr. Thress's deposition.

Therefore, it is

**ORDERED** that Plaintiff's "Motion to Strike Undisclosed Witnesses and Exhibit" (Doc. No. 65) is DENIED.  It is further

**ORDERED** that discovery is reopened for one month commencing on the date of this order solely for the limited purpose of conducting the deposition of Ms. Kim Istwan and Mr.

Greg Thress.  Defendant is to pay Plaintiff's reasonable fees and costs pursuant to said depositions.

It is further

**RECOMMENDED** that Defendant's "Motion to Strike Plaintiff's Claim for Compensatory Damages, or in the Alternative to Reopen Discovery with Respect to That Claim" (Doc. No. 61) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of March, 2010.

**BY THE COURT:**

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge