IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02587-PAB-KMT

PETER BRADLEY,

      Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,
d/b/a Denver Health Medical Center,

      Defendant.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's motion [Docket No. 124] requesting

that the Court reconsider its partial summary judgment order [Docket No. 116].  The

Court's order denied summary judgment as to plaintiff's reverse gender discrimination

claim pursuant to Title VII of the Civil Rights Act of 1964 and granted summary

judgment as to plaintiff's claim under the Age Discrimination in Employment Act

("ADEA") [Docket No. 116].  Plaintiff now challenges the Court's grant of summary

judgment as to his ADEA claim under newly decided law.  The motion is fully briefed

and ripe for disposition.[1]

Plaintiff's motion is styled as a motion to amend judgment pursuant to Fed. R.

Civ. P. 59(e).  Fed. R. Civ. P. 59(e) allows for the alteration or amendment of "a

_____

[1] Defendant's response to plaintiff's motion also includes defendant's own
request to have the Court reconsider its denial of summary judgment as to plaintiff's
gender discrimination claim.  *See* Docket No. 129 at 2-11.  As defendant improperly
attempts to include a motion in a response in violation of D.C.COLO.LCivR. 7.1C, the
Court will not consider defendant's request.

judgment."  However, judgment has yet to issue in this case.  Even if the Court treats

plaintiff's motion as a motion for "reconsideration," however, the Federal Rules of Civil

Procedure do not expressly provide for motions for reconsideration.  *See Hatfield v. Bd.*

*of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995); *Fye v.*

*Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) ("The District Court's

partial summary judgment ruling was not a final judgment.  Thus, [plaintiff's] motion for

reconsideration is considered an interlocutory motion invoking the district court's

general discretionary authority to review and revise interlocutory rulings prior to entry of

final judgment. . . . In such a case, the district court is not bound by the strict standards

for altering or amending a judgment encompassed in Federal Rules of Civil Procedure

59(e) and 60(b).") (quotations and citations omitted).

Where, as here, a party seeks reconsideration of a non-final order, that motion

"falls within a court's plenary power to revisit and amend interlocutory orders as justice

requires."  *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-

PAB-CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b)

("[A]ny order or other decision, however designated, that adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties does not end the action as

to any of the claims or parties and may be revised at any time before the entry of a

judgment adjudicating all the claims and all the parties' rights and liabilities.").  However,

"[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of

interlocutory orders, judges in this district have imposed limits on their broad discretion

to revisit interlocutory orders."  *United Fire & Cas. Co.*, 2010 WL 420046,  at *3.

Although courts in this district have applied different standards, *see id.* (noting cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard), the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Here, plaintiff argues that, on August 24, 2010, the same day that the Court issued its partial summary judgment order, the Tenth Circuit decided *Jones v. Okla. City Public Schools*, 617 F.3d 1273 (10th Cir. 2010). *Jones* discussed at length ADEA claims in the context of summary judgment. *Jones* emphasized two points of law relevant to ADEA claims in the wake of the Supreme Court's decision in *Gross v. FBL Financial Servs., Inc.*, — U.S. —, 129 S.Ct. 2343 (2009), which held that an ADEA plaintiff must prove that age was the "but for" cause of his alleged adverse employment action. First, *Jones* stated that *Gross* did not change the causation analysis in ADEA cases because "the Tenth Circuit has long held that a plaintiff must prove but-for causation to hold an employer liable under the ADEA." *Id.* at 1277. Second, *Jones* explained that, even after *Gross*, the *McDonnell Douglas* burden shifting framework continues to apply to ADEA claims in the Tenth Circuit. *Id.* at 1278-79.

The decision in *Jones* does not call into question this Court's dismissal of plaintiff's ADEA claim. First, the Court applied the *McDonnell Douglas* framework to plaintiff's ADEA claim. *See* Docket No. 116 at 42. Second, although defendant conceded for purposes of its summary judgment motion that plaintiff has made out a prima facie case of age discrimination, the Court found that plaintiff had not carried its burden of persuasion at the third step of the *McDonnell Douglas* analysis. Unlike

plaintiff's Title VII claim, where plaintiff presented sufficient evidence to create genuine

factual disputes regarding the veracity of defendant's reasons for not promoting plaintiff,

s*ee Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1125 (10th Cir. 2005), defendant

presented undisputed evidence that in the preceding ten years Denver Health had hired

or promoted three individuals over the age of fifty to the position plaintiff sought.  *See*

Docket No. 39 at 13, ¶¶ 35-36.  Given such evidence, the Court held that no reasonable

jury could rationally infer that defendant's proffered reasons were pretexts for age

discrimination.

Plaintiff contends that, after *Jones*, "a prima facie case of age discrimination and

the showing of pretext" is sufficient to defeat a motion for summary judgment.  Docket

No. 130 at 2.  But *Jones* makes clear that plaintiffs in ADEA cases still must prove that

age was the "but for" cause of the adverse employment action and carry the burden of

persuasion at the third step of the *McDonnell Douglas* analysis.  617 F.3d at 1277-78.

Plaintiff is inaccurate when he claims that "he presented evidence of pretext sufficient to

allow a jury to infer the employer acted for a discriminatory reason."  Docket No. 124 at

2.  He did for his Title VII claim, but not for his ADEA claim, and therefore his

suggestion that the Court applied a "pretext plus" standard to deny his age

discrimination claim is incorrect.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Amend Judgment [Docket No. 124] is

**DENIED**.


DATED February 24, 2011.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge